IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LUIS BONILLA, Reg. No. 41724-083, ) | |
| ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | CASE NO. 2:19-CV-71-WHA-KFP |
| ) | [WO] |
| WALTER WOODS, ) | |
| ) | |
|     Respondent. ) | |
| | |
| LUIS BONILLA, Reg. No. 41724-083, ) | |
| ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | CASE NO. 2:19-CV-903-WHA-KFP |
| ) | [WO] |
| WALTER WOODS, ) | |
| ) | |
|     Respondent. ) | |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This consolidated case is before the Court on a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus filed by Louis Bonilla. At the time he filed his habeas petitions, Bonilla was incarcerated at the Federal Prison Camp in Montgomery, Alabama, serving a 360-month prison sentence for violation of 21 U.S.C. § 846, Conspiracy to Possess with Intent to Distribute 5 Kilograms or more of Cocaine. Doc. 15-1 at 3. Bonilla argues in this consolidated action that he meets the eligibility requirements found in 34 U.S.C. §

60541(g) for early release to home confinement under the First Step Act of 2018.[1] Doc. 1 at 6; Doc. 2 at 3. Bonilla further challenges the BOP's determination that he is a "violent" offender, which disqualifies him as an eligible elderly offender under the First Step Act. *See Bonilla v. Woods,* Case No. 2:19-cv-903-WHA-KFP (M.D. Ala.) (Doc. 1 at 1–4). Bonilla seeks an order directing the Bureau of Prisons ("BOP") to transfer him to home confinement to serve the remainder of his sentence, less any earned good time. Doc. 1 at 7; Doc. 2 at 4; *see also* Case No. 2:19-cv-903-WHA-KFP (Doc. 1 at 3–4).

Respondent Woods filed a response with supporting evidentiary materials arguing both petitions are due to be dismissed because Bonilla failed to exhaust his available administrative remedies through the BOP before filing. Docs. 15, 23. Woods also argues that Bonilla is entitled to no relief on his claims. *Id.* The Court granted Bonilla an opportunity to respond, but he failed to do so. Further, a review of the BOP's website shows Bonilla was released during the pendency of this action.[2]

## II. DISCUSSION

### A. Jurisdiction & Venue

The law is settled that a 28 U.S.C. § 2241 petition for writ of habeas corpus is the proper vehicle for a prisoner to challenge the manner, location, or execution of his sentence. *See Lopez v. Davis*, 531 U.S. 230, 236 (2001); *Williams v. Pearson*, 197 F. App'x 872, 877 (11th Cir. 2006). Jurisdiction is determined at the time the action is filed. *United States v. Edwards*, 27 F.3d 564 (4th Cir. 1994). Bonilla claims he is entitled to serve the remainder

---

[1] Pub. L. No. 115–391, §§ 504, 603, 132 Stat. 5194 (2018).
[2] *See* www.bop.gov/inmateloc (last visited August 30, 2021), reflecting release date of July 23, 2021.

of his sentence on home confinement under the First Step Act because he meets the eligibility requirements under 34 U.S.C. § 60541(g). Because Bonilla's challenges the execution of his sentence, this Court has jurisdiction over his 28 U.S.C. § 2241 claims. Further, because Bonilla was incarcerated in this district when he filed these actions, venue is proper. *Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir. 1991) (holding that a 28 U.S.C. § 2241petition for habeas corpus relief generally may be brought only in the district court where inmate is incarcerated).

    **B.**    **Mootness**

To obtain relief on his petitions, Bonilla must demonstrate that he "is [currently] in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Under Section Two, Article III, of the United States Constitution, federal courts are barred from hearing matters, including habeas petitions, in the absence of a live case or controversy. *See e.g., Spencer v. Kemna,* 523 U.S. 1, 7 (1998); *Deakins v. Monaghan,* 484 U.S. 193, 199 (1988). For a live case or controversy to exist, at all times during litigation the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank,* 494 U.S. 472, 477 (1990); *see also North Carolina v. Rice,* 404 U.S. 244, 246 (1971) (*per curiam* ) (observing that "federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them").

    "[A] case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Soliman v. U.S. ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir. 2002) (internal quotation marks and citation omitted). "When effective relief

3

cannot be granted because of later events, the [case] must be dismissed as moot." *Westmoreland v. National Transportation Safety Board,* 833 F.2d 1461, 1462 (11th Cir. 1987); *American Rivers v. Nat'l Marine Fisheries Service,* 126 F.3d 1118, 1123 (9th Cir. 1997) (holding that, "[i]f an event occurs that prevents the court from granting effective relief, the claim is moot and must be dismissed"). "It has long been settled that a federal court has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Church of Scientology of California v. United States,* 506 U.S. 9, 12 (1992) (internal quotation marks and citation omitted); *Preiser v. Newkirk,* 422 U.S. 395, 401 (1975) (explaining that a federal court no longer has jurisdiction over a case that has become moot). In the specific context of habeas petitions, the case or controversy requirement warrants a finding of mootness if (1) the petitioner receives the relief requested or (2) the court is unable to provide the relief sought. *See Munoz v. Rowland,* 104 F.3d 1096, 1097–98 (9th Cir. 1997).

    Bonilla's objective in filing these actions was to be transferred to home confinement to serve his remaining sentence, but Bonilla has since been released from custody. The Court cannot give him meaningful habeas relief on his claims, and there are no allegations that he will be suffer future adverse consequences related to his claims. *See Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987). Because there is no longer a case or controversy to litigate, Bonilla's request for habeas relief is moot, and these actions are due to be dismissed. *See United States ex rel. Graham v. United States Parole Comm'n*, 732

F.2d 849, 850 (11th Cir. 1984) (finding challenge to parole regulation mooted by release, as a favorable decision would not entitle petitioner to any additional relief).

## III. CONCLUSION

Accordingly, the undersigned Magistrate Judge RECOMMENDS that the 28 U.S.C. § 2241 Petitions for Habeas Corpus relief filed by Luis Bonilla be DISMISSED with prejudice as moot.

Further, it is ORDERED that by **September 13, 2021**, the parties may file objections to the Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).


DONE this 30th day of August, 2021.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE